(June 9, 1903.)

## WALKER v. McGINNESS.

[72 Pac. 885.]

NOTICE AND UNDERTAKING ON APPEAL—JUDGMENT—SUFFICIENCY OF.

   1. When the undertaking on appeal is not in conformity with the notice of appeal, the appeal may be dismissed.

   2. A judgment perpetually enjoining the commission of a given act without any further adjudication where the findings of fact and conclusions of law are full and specific, examined and held a sufficient decree.

(Syllabus by the court.)

APPEAL from District Court, Elmore County. Honorable George H. Stewart, Judge.

From a modified judgment in favor of plaintiffs, defendant appeals. Affirmed.

The facts are stated in the opinion.

N. M. Ruick, for Appellant.

If that which is found on page 8 of the transcript on second appeal and which is denominated "modified judgment and decree" constitutes a judgment in any sense as the same is defined in our statute (Code Civ. Proc. 1901, sec. 3465), such judgment is incomplete and does not conform to the definition of a judgment nor to the object or purpose of a judgment. A perusal of this so-called modified judgment and decree will show that it adjudges no fact and embodies no conclusion of law. It adjudicates nothing. It constitutes an order of injunction but does not declare the rights of the respective parties as the same are found to exist by reason of the facts appearing in the record of such former appeal as well as in the findings of fact contained in the transcript on this appeal. "A judgment is the final determination of the rights of the parties in an action or proceeding." (Rev. Stats. 1887, sec. 4350; Code Civ. Proc., sec. 3495.) A judgment is "the decision or sentence of the law, pronounced by the court . . . . upon the matter contained in

the record," or "The conclusion of the law upon facts found by the court or jury." (Freeman on Judgments, 3d ed., sec. 2.) It may be that if our contention be admitted, this appeal will have to be dismissed under the ruling of this court in numerous cases, only one of which it is necessary to cite. (*Adams v. McPherson,* 3 Idaho, 117, 27 Pac. 577.)

W. C. Howie, for Respondents.

The only thing that I can see in appellant's brief is that he is objecting because there are no findings of fact or conclusions of law in the judgment. He has apparently overlooked section 4407 of the Revised Statutes. (Code Civ. Proc., sec. 3484.) "In giving the decision, the facts found and the conclusions of law must be separately stated. . Judgment on the decision must be entered accordingly." Complete findings of fact are made and conclusions of law. In fact, attorney for appellant has no fault to find with them—he could not, for they are very full and complete—and are separately stated as required by our statutes and the judgment is rendered on them. Nor is there any question but what all the rights of the parties to the action upon the questions raised in the action are fully determined. As shown by the pleadings and findings, every right as to the water between the parties had been formerly adjudicated except one, and that was appellant's right of point of diversion.

AILSHIE, J.—This case was before this court and the judgment of the lower court was reversed on June 13, 1902, and that opinion is found in 8 Idaho, 540, 69 Pac. 1003. The trial court was there instructed "to make findings of fact and conclusions of law in accordance with the views expressed in this opinion, and enter judgment as prayed for in the complaint." Thereafter and on December 24, 1902, and in pursuance of the directions of this court, the district judge made and filed his "Corrected Findings of Fact and Conclusions of Law," and thereupon entered what is designated a "Modified Judgment and Decree."

From such judgment defendant again appeals to this court. Respondents have moved to dismiss the appeal herein upon the

grounds "that no sufficient undertaking on appeal has been filed in said cause." The appeal, as recited in the notice thereof, is from the judgment and the whole thereof, while the undertaking on appeal, as shown by the certified copy attached to the motion, recites that the same is given upon an appeal from a judgment against defendant for *costs* in the sum of $388.40. The undertaking on appeal is not in conformity with the notice of appeal, and we think the motion is well taken. (*Stockton School Dist. v. Goodell* (Cal.), 56 Pac. 885; *Bennett v. Bennett,* 42 Cal. 629.)

In view, however, of the fact that this case is here for the second time, and that the only question involved in this appeal is the sufficiency of the modified judgment, we have concluded to pass upon the appeal on its merits.

The judgment follows the prayer of the complaint as directed by this court and orders and decrees: "That the defendant, Daniel McGinness, his servants, etc., be, and they and each of them are hereby enjoined and restrained from in any manner changing his point of diversion of the waters of Cold Spring creek . . . . to any point on said creek below his former point of diversion," etc. This is followed by a description of the *former point of diversion.*

It is insisted by appellant that this decree adjudicates nothing and is only an order of injunction. Strictly speaking, this would seem true, but it will be seen from the statement contained in the former opinion of this court that on August 10, 1891, a decree was entered adjudicating the respective rights between the defendant in this action and the predecessors in interest of plaintiffs herein. The only purpose of this present action was to restrain and enjoin the defendant from changing his point of diversion, as designated in the decree of August 10, 1891. The findings of fact and conclusions of law are full and explicit and the decree follows the conclusions by enjoining the defendant from changing his point of diversion to any other point down the creek from that originally designated.

We think the decree so entered is sufficient.

Upon the oral argument it was urged by counsel for appellant that the judgment is in conflict with section 3157, Revised

Statutes, which provides that the person entitled to the use of any water may change the place of diversion, if others are not injured by such change. We cannot see wherein the judgment conflicts with said statute—if the change attempted to be made by defendant was not injurious and prejudicial to the rights of plaintiffs, this judgment could not and would not have been granted. If, as suggested in the argument, the conditions under which this perpetual injunction is granted should so change as to make it no longer injurious or prejudicial to the rights of plaintiffs for defendant to change his place of diversion, he may then have his remedy by proper proceedings for such relief.

Judgment affirmed, with costs to respondents.

Sullivan, C. J., and Stockslager, J., concur.